IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| WANDA ALSTON, | ) |
| Plaintiff, | ) |
| v. | ) |
| LITTON LOAN SERVICING, LP, | ) |
| LARRY B. LITTON SENIOR, | ) Civil Action No. _____ |
| LARRY B LITTON JUNIOR, | ) |
| SAFEGUARD PROPERTIES INCORPORATED, | ) |
| and | ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY | ) |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants Litton Loan Servicing, LP, Larry B. Litton, Sr., Larry B. Litton, Jr. and Deutsche Bank National Trust Company (collectively, the "Lender Defendants"), by counsel, hereby provide notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland. As grounds for removal, Lender Defendants state as follows:

### Background

1.  On or about July 13, 2009, Plaintiff Wanda Alston ("Plaintiff") filed a complaint against Defendants Litton Loan Servicing LP, Larry B. Litton, Sr., Larry B. Litton, Jr., Safeguard

Properties Incorporated, and Deutsche Bank National Trust Company in the Circuit Court of Maryland for Prince George's County (the "State Court Action"). A copy of the Complaint is attached hereto as Exhibit "A." The State Court Action was assigned case number CAL09-20834.

2. In her Complaint, Plaintiff alleges that the Defendants violated various provisions of the Maryland Consumer Protection Act by allegedly taking certain actions with regard to Plaintiff's application for a loan modification, and for purportedly unlawfully entering Plaintiff's property. Plaintiff also asserts various common law claims against Defendants.

3. Despite the State Court Action having been filed in July 2009, Lender Defendants were not served with process of the State Court Action until April 19, 2010, pursuant to summonses that were reissued in the State Court Action. A copy of the State Court Action docket is attached hereto as Exhibit "B." Pursuant to the State Court Action docket, Defendant Safeguard Properties Incorporated has not yet been served with process.

### Diversity

4. This Court has both original and supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1332 and 1367, in that there is complete diversity and that the plaintiff is seeking damages which satisfies the jurisdictional requirement for amount in controversy.

5. This case is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides, in pertinent part, as follows:

> a. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, is between --
>
> (1) Citizens of different states . . .

6.  Plaintiff is an individual resident of the State of Maryland. Defendant Litton Loan Servicing LP is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in Texas. Defendants Larry Litton, Sr. and Larry Litton, Jr. are individual residents of the State of Texas. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a national banking association organized under the laws of the United States with its principal place of business in California. Defendant Safeguard Properties Incorporated is a corporation organized and existing pursuant to the laws of the State of Ohio with its principal place of business in Ohio.

7.  Plaintiff is seeking Ten Million Dollars ($10,000,000) in punitive damages from Defendants, as well as actual damages in an amount to be proven at trial, plus pre- and post-judgment interest, costs, and attorney fees. Plaintiff's demand this satisfies the jurisdictional requirement for amount in controversy.

## Procedural Compliance

8.  Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  In this case, a copy of the Complaint was served on Lender Defendants on April 19, 2010. This Notice of Removal is being filed with the United States District Court for the District of Maryland on May 19, 2010, within 30 days after the Lender Defendants were served with a copy of the Complaint.

9.  Attached to this Notice of Removal, and incorporated by reference, is a copy of Plaintiff's Complaint and Line Requesting Re-Issuance of Summons, which are the only "process, pleadings or orders" conveyed to PNC Bank in this action. 28 U.S.C. § 1446(a). A

copy of the Complaint and Line Requesting Re-Issuance of Summons is also filed herewith in a PDF image file.

10. Undersigned counsel for Lender Defendants has made contact with Defendant Safeguard Properties Incorporated ("Safeguard"), which reports that it has not yet been served with process in the State Court Action. In removing the State Court Action, Lender Defendants need not obtain the consent of the other named defendants since they have not yet been served with process. *See, e.g. Jackson v. John Akridge Management Company*, 2006 U.S. Dist. LEXIS 659, *3-5 (D. Md. 2006). The representative of Safeguard nevertheless indicated that Safeguard would consent to federal jurisdiction in the event service of process is properly effected.

11. Lender Defendants are serving contemporaneously with this filing a copy of this Notice of Removal upon Plaintiff's counsel, as well as all other named Defendants in this matter. Lender Defendants will also file with the Clerk for the Circuit Court for Prince George's County, a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d).

12. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441, and this action is properly removed to this Court.

WHEREFORE, Lender Defendants hereby give notice that the State Court Action is removed to this Court.

[SIGNATURES ON FOLLOWING PAGE]

May 19, 2010

Respectfully submitted,

/s/ Daniel J. Tobin

Daniel J. Tobin (Bar No. 10338)
Jenelle M. Dennis (Bar No. 16127)
BALLARD SPAHR LLP
4800 Montgomery Lane, 7th Floor
Bethesda, Maryland 20814-3401
Telephone: (301) 664-6200
Facsimile: (301) 664-6299
tobindj@ballardspahr.com
dennisj@ballardspahr.com

*Attorneys for Defendants Litton Loan Servicing, LP, Larry B. Litton, Sr., Larry B. Litton, Jr., and Deutsche Bank National Trust Company*

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of May, 2010, I caused a true and correct copy of the foregoing Notice of Removal to be delivered via first-class mail, postage prepaid, upon the following:

C. Sukari Hardnett, Esq.
The Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, Maryland 20910

*Counsel for Plaintiff*

/s/ Daniel J. Tobin

Daniel J. Tobin